BLUEMNER v. GARVIN.

(Supreme Court, Appellate Division, First Department.    February 21, 1908.)

1. APPEAL — REVERSAL — REMAND — AMENDMENT OF COMPLAINT — DIFFERENT CAUSE OF ACTION.

Where a complaint alleged that defendant agreed to "fairly share with the plaintiff the commissions received by the defendant on account of" the latter's contract as architect for a certain building, and plaintiff testified that defendant received a certain sum for his services as architect, and that he was to receive a fair share thereof, which would be one-half of such sum, he should not, after a reversal of a judgment in his favor on the ground that the contract was too indefinite as to the payment to be made to be enforced, be permitted to amend by alleging that the agreement was to pay him one-half the amount received by defendant, in order to enable him to change his testimony and recover on a definite contract.

2. SAME—SUBJECT-MATTER AND GROUNDS IN GENERAL.

A complaint sought to recover a certain sum for plaintiff's services "in framing, devising, and drawing sketches and plans for the erection" of a certain public building. A proposed amended complaint incorporated the original as one count, and contained another count alleging that plaintiff and defendant entered into an agreement by which plaintiff undertook to design plans which should meet the requirements of the building commission, it being understood that plaintiff's compensation was to depend upon the commission's approval; that plaintiff performed the contract and secured such approval, which enabled defendant to obtain the architect's contract, from which he received a specified sum; and that plaintiff's services were reasonably worth one-half of such sum. *Held*, that the amended complaint should have been allowed, although the latter count included the services sued for in the original count; the prevention of a recovery for the same services under both counts being a matter to be taken care of on the trial, when the evidence was all before the court.

Appeal from Special Term.

Action by Oscar Bluemner against Michael J. Garvin. From an order denying his motion for leave to serve an amended complaint, plaintiff appeals. Reversed, with directions.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Isaac N. Miller, for appellant.
John P. Everett, for respondent.

LAUGHLIN, J.    The original complaint contains two counts—one to recover $20,000 on an express agreement, by which it is alleged the defendant agreed to associate the plaintiff with him as architect for the Bronx borough court house, and to "fairly share with the plaintiff the commissions received by the defendant on account of" the latter's contract with the city of New York as architect for said building; and another to recover $10,000 for the plaintiff's services as an architect "in framing, devising, and drawing sketches and plans for the erection" of said courthouse—but the whole amount demanded was $20,000. Upon the trial the plaintiff confined his evidence to the first count. He showed that the defendant received $40,000 from the city for his services as architect in the premises, and claimed that a fair share

thereof, which was the contract as testified to by him, was one-half of that amount. He recovered on that theory; but on appeal this court reversed the judgment and granted a new trial upon the ground that the express contract was void for indefiniteness. 120 App. Div. 29, 104 N. Y. Supp. 1009.

In the proposed amended complaint, the first court is amended by alleging that the agreement was to pay the plaintiff one-half the amount received by the defendant from the city. We are of opinion that the court properly denied the motion, in so far as it involved an amendment of the first count. The plaintiff, having alleged that the agreement was to pay a fair share and having so testified, should not now be permitted to amend, in order to enable him to change his testimony and recover on a definite contract. The facts shown by the moving papers, however, indicate that the plaintiff rendered valuable services to the defendant, not merely in preparing the sketch, design, and drawings, but also in originating them, and with respect to securing the contract, for which he could not recover under the second count. The proposed amended complaint incorporates the quantum meruit count of the original complaint as a third count, and contains as a second count allegations to the effect that the plaintiff and defendant entered into an agreement by which the former undertook and agreed to design and prepare plans which should meet the requirements of and be approved by the municipal art commission of the city of New York, it being understood that the plaintiff's compensation was to depend upon such approval; and he performed the contract and secured the approval of the art commission, which enabled the defendant to obtain the contract from the city, whereby he received from the city the sum of $40,000, and that the services of the plaintiff were reasonably worth the sum of $20,000. It doubtess includes the services for which a recovery was sought in the quantum meruit count of the original complaint; but, as has been seen, it embraces other items of services and elements of damages. A recovery may not be had under both counts; but that is a matter to be taken care of on the trial, when the evidence is all before the court. We are of opinion, therefore, that plaintiff should have been permitted to set up this cause of action.

It follows, therefore, that the order should be reversed, and motion to serve an amended complaint granted, the proposed amended complaint, however, not to stand as served, but plaintiff to be at liberty, within 10 days to serve an amended complaint incorporating the first count as in the original complaint, and the second and third counts as in the proposed amended complaint, without costs of the appeal, and on condition that plaintiff pay all costs of the action to date and $10 costs of the motion. All concur.